# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ARTHUR SWEETING,
        Appellant,

      v.

DEPARTMENT OF JUSTICE,
        Agency.

DOCKET NUMBER
AT-315H-16-0389-I-1

DATE: August 4, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Arthur Sweeting, Mountain View, California, pro se.

Steven R. Simon, Esquire, Phoenix, Arizona, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which found that his termination appeal was barred by the doctrine of collateral estoppel. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The history of this appeal began almost 37 years ago, when the appellant was terminated from his probationary GS-6 Correctional Officer position effective November 1979. Initial Appeal File (IAF), Tab 1 at 3, 7. The administrative judge dismissed his appeal for lack of jurisdiction. *Id.* at 7. The Board remanded the case to the administrative judge to give the appellant an opportunity to offer proof in support of his allegation that he was terminated because of partisan political reasons. *Sweeting v. Department of Justice*, 6 M.S.P.R. 715, 716-17, 719-20 (1981). After considering the appellant's arguments, the administrative judge again dismissed the appeal for lack of jurisdiction. IAF, Tab 1 at 6. In 1990, the appellant filed a petition for review, which the Board dismissed as untimely filed. *Sweeting v. Department of Justice*, 48 M.S.P.R. 36, 38, *aff'd per curiam*, 949 F.2d 403 (Fed. Cir. 1991) (Table).

¶3 On February 11, 2016, the appellant filed the instant appeal, rearguing the merits of his termination. IAF, Tab 1. The administrative judge ordered the appellant to show cause why his appeal should not be dismissed as barred by the doctrine of collateral estoppel. IAF, Tab 4. Both the appellant and the agency

responded to the order. IAF, Tabs 5-6. On May 18, 2016, the administrative judge found that the jurisdictional issue was the same as that litigated in the prior appeal, and dismissed the case as barred by the doctrine of collateral estoppel without holding the appellant's requested hearing. IAF, Tab 1 at 2, Tab 7, Initial Decision (ID).

¶4    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He alleges that there is new and material evidence that previously was unavailable despite his due diligence, and requests that the Board take action to safeguard his Fourteenth Amendment rights and assist him in removing a stigma attached to his reputation. *Id.* The agency has responded to the petition for review and the appellant has replied. PFR File, Tabs 3‑4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    Collateral estoppel, or issue preclusion, bars a party from relitigating a matter that was previously litigated and is applicable if: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or one whose interests were otherwise fully represented in that action. *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶¶ 15‑16 (2005).

¶6    As noted by the administrative judge, the issue in the current appeal is identical to that which was litigated and resolved in the prior appeal: whether the Board has jurisdiction over the appellant's probationary termination appeal. ID at 3. The administrative judge held that the appellant was given a full and fair opportunity to litigate the question of jurisdiction in the prior appeal. *Id*. We agree that the appellant received a full and fair opportunity to litigate the jurisdictional issue. The appeal was remanded to address the appellant's

jurisdictional claims in a prior Board Opinion and Order. *Id.* There is no reason to believe that the appellant did not receive a fair opportunity to present his arguments at that time. Because the administrative judge correctly articulated and applied the doctrine of collateral estoppel, the Board lacks a basis upon which to grant the appellant's petition for review.

¶7      The appellant alleges that his petition should be granted based on new information that was unavailable at the time of his appeal despite his due diligence. PFR File, Tab 1. However, this "new" evidence consists of documentation from 1979 concerning his probationary termination action. *Id.* at 5‑11. The appellant has not provided any corroboration that this evidence is actually new or was unavailable when he filed the original appeal, despite his due diligence. Moreover, even if the proffered evidence were new and previously unavailable, its content addresses the merits of the appellant's claim and is not material to the jurisdictional issue. *See Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶¶ 6-7 (2009) (finding that new evidence did not provide a basis to reopen or reinstate a petition for review because it was not material to the dispositive jurisdictional issue).

¶8      On review, the appellant requests a "due process hearing." PFR File, Tab 1 at 4. Because the Board lacks jurisdiction over the appeal, we also lack jurisdiction to hear the appellant's due process claim. *Rivera v. Department of Homeland Security*, 116 M.S.P.R. 429, ¶ 16 (2011). Further, collateral estoppel applies here even if a hearing was not held on the jurisdictional issue. *See Fisher v. Department of Defense*, 64 M.S.P.R. 509, 514-15 (1994) (finding that the "actually litigated" requirement of collateral estoppel requires only that the issue must have been contested by the parties and resolved by the adjudicator).

¶9      Accordingly, we affirm the initial decision.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.